CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED

APR 16 2008

JOHN F. CORCORAN, CLERK
BY: /s/
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JASON MATTHEW TRAVIS,<br>                                             *Plaintiff,*<br><br>v.<br><br>OPTION ONE MORTGAGE CORPORATION,<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY,<br>                                            *Defendants.* | CIVIL NO. 3:07CV00065<br><br><u>MEMORANDUM OPINION</u> AND ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant Deutsche Bank National Trust Company's Motion to Set Aside Entry of Default and Motion for Leave to File Responsive Pleadings. I dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

On January 9, 2008, Plaintiff served process upon the Secretary of the Commonwealth of Virginia as statutory agent of Defendant. On January 18th, the Office of the Secretary of the Commonwealth caused process to be mailed to Defendant. Plaintiff filed the required Certificate of Compliance with the Court on January 24th. Defendant did not file an Answer or otherwise respond to the Complaint within the allotted time. On February 25th, Plaintiff filed a motion asking the Clerk of the Court to enter a default against Defendant, which the Clerk did on February 26th. That same day, Defendant filed the instant Motion to Set Aside Entry of Default, which Plaintiff opposes. The following day, February 27th, Defendant filed the instant Motion for Leave to File Responsive Pleadings and a proposed Answer.

A court may set aside an entry of default upon a showing of good cause. Fed. R. Civ. P. 55(c). The decision whether to set aside an entry of default lies within the discretion of the district judge, *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967), and any doubts about whether relief should be granted should be resolved in favor of setting aside the entry of default, *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). The factors to be considered when deciding whether to set aside default are (1) whether the moving party has a meritorious defense; (2) whether it acted with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) the prejudice to the party; (5) whether there is a history of dilatory action; and (6) the availability of less drastic sanctions. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006) (citing *Consol. Masonry*, 383 F.2d at 251; *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir.1987)).

I find that all but the first of these six factors weighs in favor of Defendant. First, there is no history of dilatory action on Defendant's part, and if a sanction were warranted in this case, less drastic sanctions are no doubt available. Furthermore, of particular note is Defendant's reasonable promptness in filing its motions within two weeks after its Answer was due and within one day after the entry of default. Also weighing heavily in Defendant's favor is the lack of prejudice to Plaintiff. The only potential prejudice identified by Plaintiff is that "[s]etting aside the entry of default in this case . . . will generate additional procedural hurdles, cost and expense in achieving a judgment." (Pl.'s Mem. Opp'n 3–4.) But if prejudice results merely from the ordinary "hurdles" of discovery and litigation on the merits, then courts might as well do away with requiring proof of claims altogether. There is no prejudice to Plaintiff in requiring that he prove his entitlement to the relief he seeks.

Defendant attributes its untimely response to a lack of notice of the effective date of service of process, which resulted in an inability to calculate the deadline for responding.[1] This argument is not without merit, but Defendant was certainly on notice that a deadline for responding existed and that further inquiry was therefore warranted. Defendant argues that it did make such an inquiry and that its ability to discover the effective date of service was limited by a misleading description in a docket entry. This argument, too, is not without merit, but Defendant surely bears at least some burden to look at the underlying documents and not rely solely on the descriptions in the docket entries. However, once Defendant eventually discovered the deadline for responding, it did seek an extension of the deadline from Plaintiff, which Plaintiff refused. Taken together, Defendant's lack of notice of the effective date of service, the misleading docket entry, and Defendant's efforts to obtain an extension, though not eliminating its personal responsibility for the untimely filing, suggest that Defendant's personal responsibility is limited.

The "meritorious defense" factor is the least favorable to Defendant. Defendant has, however, filed a proposed Answer denying the relevant allegations of the Complaint and a Third-Party Complaint claiming indemnity for any liability. Thus, I find that this factor does not heavily favor either party and is outweighed by the other five factors, which all favor Defendant. Accordingly, I find that good cause exists and hereby GRANT Defendant's Motion to Set Aside Entry of Default (docket #13) and Motion for Leave to File Responsive Pleadings (docket #15).

It is so ORDERED.

---

[1] It is true that the Virginia long-arm statute, which establishes the procedures for service via the Secretary of the Commonwealth, does not appear to provide defendants with such notice. Under the Virginia statute, service via the Secretary is "effective on the date the certificate of compliance is filed with the court in which the action is pending." Va. Code Ann. § 8.01-329(C). The filing of the certificate occurs, however, at some indefinite time *after* the Secretary has mailed the summons and complaint to the defendant. Moreover, the defendant is not likely to receive notice from the court that the certificate of compliance has been filed because the defendant will not yet have appeared at that stage of the proceedings. Thus, under the Virginia scheme, it appears that the twenty-day clock for responding to a Complaint begins to run on a date that is not made known to the defendant.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and Order to all counsel of record.

Entered this 16th day of April, 2008.

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE