CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUN 1 2 2008

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| Jason Matthew Travis,<br>*Plaintiff,*<br><br>v.<br><br>Prime Lending, et al.,<br>*Defendants.* | Case No. 3:07cv00065<br><br>Memorandum Opinion and Order<br><br>Judge Norman K. Moon |

This matter is before the Court on Plaintiff's Motion for Default Judgment (docket no. 25). Plaintiff requests the Court to enter default judgment against defendants Clipper City Settlement Services, Inc. ("Clipper City"), Shane D. Hapney ("Hapney"), GRP Loan, LLC ("GRP Loan"), and GRP Financial Services Corporation ("GRP Financial") pursuant to his claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.* Plaintiff asks the Court to award statutory and liquidated damages and attorney's fees and expenses incurred in pursuing his claims. For the reasons stated below, Plaintiff's motion will be GRANTED in PART, and partial judgment will be entered in favor of Plaintiff against Shane D. Hapney and Clipper City Settlement Services, Inc. in the amount of $1,711.50. Plaintiff will also be awarded attorney's fees and costs in the amount of $3,836.71.

## I. BACKGROUND

Plaintiff initially filed this action on March 27, 2007, to rescind a mortgage on his home held by GRP Loan. Plaintiff subsequently amended his complaint and alleged that (1) Prime

Lending violated his right to rescind the transaction pursuant to 15 U.S.C. § 1635(a) and Regulation Z, 12 C.F.R. § 226.23(b) by requiring him to sign and postdate a statement of non-rescission; (2) GRP Loan and GRP Financial refused to accept his rescission in violation of 15 U.S.C. § 1635(a) and Regulation Z, 12 C.F.R. § 226.23(b) and threatened to foreclose on his home; (3) the refusal of Prime Lending, GRP Loan, and GRP Financial to accept his rescission resulted in damages of $11,775.14 because of the interest he was forced to pay and that GRP Financial refused to restore; and (4) Hapney and Clipper City wrongfully collected $570.50 in fees in violation of the prohibitions against kickbacks, fee splitting, and unearned fees in the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607, and Regulation X, 24 C.F.R. 3500.14(b).

Prime Lending was the only defendant to file an answer in response. The remaining defendants, Hapney, Clipper City, GRP Loan, and GRP Financial, did not file an answer, any responsive pleadings, otherwise appear, or defend the suit. As a result, Plaintiff moved for entry of default against them on December 11, 2007, and the Clerk entered default as to Hapney, Clipper City, GRP Loan, and GRP Financial that day. Plaintiff now requests that default judgment be entered against these defendants.

## II. DISCUSSION

### A. Standard of Review for Default Judgment

Default judgment is appropriate when a defendant has failed to plead or otherwise defend the action. *Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985); *see also* Fed. R. Civ. P. 55. The decision to enter default judgment lies within the sound discretion of the court, *Broglie v. Mackay-Smith*, 75 F.R.D. 739, 742 (W.D. Va. 1977), but default judgment generally is disfavored, *Tazco, Inc., v. Dir., Office of Workers Comp.*

2

*Programs, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990).

Upon default, the well-pleaded allegations in the complaint are taken as true. *See, e.g., Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The Court is not required to make detailed findings of fact, *Fair Hous. of Marin*, 283 F.3d at 906, and need only conduct a hearing if the damages requested are not for a sum certain, *United Artist Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

### B. Entry of Default Judgment Against GRP Loan and GRP Financial

The Truth in Lending Act provides debtors with a three day period to rescind any consumer credit transaction whenever a security interest is acquired by a lender in the debtor's principal dwelling. 15 U.S.C. § 1635(a). The three day rescission period begins to run once the transaction is consummated or upon delivery of the consumer's right to rescind, whichever is later. *Id.* The three day rescission period is extended to three years, however, if the lender fails to comply with the disclosure requirements of the TILA.[1] 15 U.S.C. § 1635(f). The consumer is not liable for any finance or other charge if he rescinds the transaction, and the lender is obligated to return "any money or property given as earnest money, downpayment, or otherwise." 15 U.S.C. § 1635(b).

Plaintiff alleges that he entered into a consumer credit transaction with Prime Lending to refinance his first and second mortgages on or about March 29, 2006, and that Prime Lending instructed him to backdate the loan documents to March 27, 2006, and to postdate the

---

[1] The regulations promulgated by the Federal Reserve Board to interpret the TILA—collectively known as Regulation Z—require that the lender provide specific written notice to the consumer of, among other things, the consumer's right to rescind the transaction, the process to exercise the right to rescind, the effects of rescission, and the date upon which the rescission period expires. 12 C.F.R. § 226.23(b).

3

notice of his right of rescission to March 31, 2006. Plaintiff also alleges that he informed the holder of this obligation, GRP Financial and GRP Loan, on or about March 22, 2007, that he intended to rescind the loan, but GRP Financial did not accept the rescission and refused to return any money or property given as earnest money, downpayment, or otherwise to Travis. GRP Financial also failed to take the necessary action to terminate its security interest in his residence.

Travis did not rescind the loan until March 22, 2007—nearly a year after he entered into the credit transaction with Prime Lending. Ordinarily, Travis would not be entitled to rescind this transaction because the three day period to rescind had passed. *See* 15 U.S.C. § 1635(a). If Prime Lending required Travis to postdate his statement of nonrescission, however, Travis would have three years, not three days, to exercise his right to rescind the transaction. *See Rodrigues v. Members Mortgage Co.*, 323 F. Supp. 2d 202, 209 (D. Mass. 2004) (noting that federal caselaw has concluded "that the signing of a post-dated waiver of the right to rescind a loan transaction violates the TILA"). Therefore, it appears the question of GRP Loan and GRP Financial's liability is predicated on a finding that Prime Lending did indeed violate the TILA.

The Supreme Court has instructed that default judgment should not be entered against a defendant when other defendants remain that are alleged to be jointly or severally liable or have closely related defenses. *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872); *United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir. 1967); *see also* 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2690 (3d ed. 1998). Instead, entry of default judgment should be deferred until after the matter has been adjudicated as to all defendants or until all defendants have defaulted in order to avoid a

logically inconsistent judgment against a non-appearing defendant. *Frow*, 82 U.S. at 554 ("[A] final decree on the merits against the default defendant alone, pending the continuance of the cause, would be incongruous and illegal."). Accordingly, the Court will hold in abeyance Plaintiff's motion for default judgment as to GRP Loan and GRP Financial until his claim against Prime Lending is resolved. Nevertheless, GRP Loan and GRP Financial will be unable to appear in this case, submit evidence, or be heard at the final hearing. *Id.*

### C. Entry of Default Judgment Against Hapney and Clipper City

Congress enacted the Real Estate Settlement Procedures Act to provide greater information to consumers and to eliminate unnecessarily high settlement charges caused by abusive practices. 12 U.S.C. § 2601(a). Towards that end, RESPA prohibits kickbacks and unearned fees in exchange for the referral of real estate settlement business. 12 U.S.C. § 2607(a). RESPA also prohibits anyone from giving or receiving a share of any fee made or received for rendering of settlement services. 12 U.S.C. § 2607(b); *see also Boulware v. Crossland Mortgage Corp.*, 291 F.3d 261, 264–65 (4th Cir. 2002). Any person that violates RESPA will be liable for damages equal to three times the amount charged for the settlement service and for reasonable attorney's fees and costs. 12 U.S.C. §§ 2607(d)(2), (5).

Plaintiff alleges that he paid real estate settlement fees to Clipper City, a sham entity with which Hapney is affiliated and that Hapney used to obtain a kickback for directing real estate settlement services to a third unknown entity. Hapney and Clipper City did not file an answer or respond to either the motion for default or the motion for default judgment despite ample time to do so. As a result, the allegations in the Complaint are accepted as true and default judgment will be entered against Hapney and Clipper City. *Fair Hous. of Marin*, 283 F.3d at 906.

*1. Plaintiff is Entitled to Treble Damages of $1,711.50*

Plaintiff alleges that he paid Clipper City a closing fee of $295, a document preparation fee of $145, a wire fee of $35, a transmittal fee of $94.50, and a guaranty fee of $1.00. In sum, Plaintiff alleges that he paid Clipper City $570.50 in illegal fees and seeks treble damages of $1,711.50. The Court has reviewed Plaintiff's detailed records in support of his claim, including the affidavits and lending documents, and finds that the damages requested are in accordance with the Real Estate Settlement Procedures Act. Accordingly, the Court will award Plaintiff damages of $1,711.50 as to Clipper City and Hapney.

*2. Plaintiff is Entitled to Attorney's Fees and Costs of $3,836.71*

Plaintiff has also requested attorney's fees in the amount of $10,030.00 and costs of $613.43.[2] Specifically, Plaintiff requests attorney's fees and costs of $6,806.71[3] as to GRP Loan and GRP Financial and $3,836.71[4] as to Hapney and Clipper City. The Court will not consider the fee request as to GRP Loan and GRP Financial because default judgment is not proper at this time. Therefore, the Court will only address Plaintiff's request for fees and costs as to Hapney and Clipper City.

RESPA permits the court to award reasonable attorney's fees and costs to a party that prevails under the Act. The determination of whether a requested fee is reasonable begins with the lodestar formula—the number of hours reasonably expended on the litigation multiplied by

---

[2] Plaintiff incurred total costs of $920.14, but apportioned these costs among all of the defendants. Thus, Plaintiff only claims $613.42 in costs because Prime Lending is still an active party to this litigation.
[3] Plaintiff requests attorney's fees of $6,500 and costs of $306.71. The attorney's fees include $562.50 in paralegal fees, which are compensable under fee shifting statutes because the use of paralegals helps reduce the expense of litigation. *See, e.g., Missouri v. Jenkins*, 491 U.S. 274, 285 (1989) (holding that it was "self-evident" that the term "attorney's fees" in the Civil Rights Attorney's Fees Awards Act of 1976 included the fees of paralegals as well as attorneys).
[4] Plaintiff requests attorney's fees of $3,530 and costs of $306.71. The attorney's fees include $1,117.50 in paralegal fees.

6

a reasonable hourly rate. *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998). The lodestar figure is presumed reasonable, *Blum v. Stenson*, 465 U.S. 886, 897 (1984), but may be adjusted upward or downward after consideration of (1) the time and labor required to litigate the suit; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform properly the legal service; (4) the attorney's opportunity cost in accepting the case; (5) the customary fee for such work; (6) the attorney's expectations at the outset of litigation; (7) any time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship between attorney and client; and (12) fee awards in similar cases, *Brodziak*, 145 F.3d at 196 (quotation and citation omitted).

The reasonable hourly rate is based upon the prevailing market rate of lawyers of comparable skill, experience, and reputation in the relevant community. *Blum*, 465 U.S. at 895; *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994). Plaintiff's counsel, Garrett M. Smith, states that his hourly rate is $250 and that the rate for his paralegal is $75 per hour and that this hourly rate is comparable, if not lower than, the rate of attorneys of similar skill and experience. The Court has held previously that Mr. Smith's claimed rate of $250 is reasonable for this district. *See Duncan v. GE Consumer Fin., Inc.*, No. 3:06cv00062, 2007 WL 3275152, *2 (W.D. Va. Nov. 5, 2007). Thus, the only issue is whether the number of hours claimed is reasonable for the work performed.

Plaintiff must show that the number of hours for which he seeks reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary. *Rum Creek Coal Sales, Inc.*, 31 F.3d at 174–75. Plaintiff submitted detailed time records for

7

his attorney and paralegal which describe the work performed in this case. The records show that Mr. Smith spent 9.65 hours and his paralegal spent 14.9 hours, respectively, to amend the complaint to add Hapney and Clipper City, draft and issues summonses, and draft the motions for default and default judgment. The Court finds the time expended to be reasonable for the work performed. In addition, Plaintiff requests $306.71 in costs, which are also reasonable. Therefore, Plaintiff shall receive attorney's fees with respect to Hapney and Clipper City of $2,412.50, paralegal fees of $1,117.50, and costs of $306.71.

### D. Entry of Final Judgment Pursuant to Rule 54(b)

Federal Rule of Civil Procedure 54(b) permits the district court to enter final judgment as to one or more but fewer than all claims in an action involving multiple claims or multiple parties. Fed. R. Civ. P. 54(b). Rule 54(b) certification ordinarily is disfavored in this circuit, *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993), and the district court must clearly and cogently explain its decision to deviate from the norm, *id.* at 1336.

Rule 54(b) certification involves two steps. First, the district court must determine that the judgment is final. *Curtiss-Wright Corp. v. Gen. Elec. Corp.*, 446 U.S. 1, 7 (1980). Second, the district court must determine whether there is any just reason for delay. *Id.* at 8. The Fourth Circuit has identified five factors to consider in determining if there is no just reason for delay:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors

such as delay, economic and solvency considerations, shortening the time
of trial, frivolity of competing claims, expense, and the like.

*Braswell Shipyards, Inc.*, 2 F.3d at 1335–36 (quoting *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975).

Here, the Court finds that there is no just reason for delay in the entry of judgment as to Hapney and Clipper City. The order is a "judgment" in that it is a decision on the merits for a cognizable claim for relief and it is "final" because it is the ultimate disposition of Plaintiff's claim against Hapney and Clipper City. *Curtiss-Wright Corp.*, 446 U.S. at 7. There is no just reason for delay because there is no relationship between Plaintiff's claim against Hapney and Clipper City under the Real Estate Settlement Procedures Act and his claims against GRP Loan, GRP Financial, and Prime Lending under the Truth in Lending Act. Further, there is no indication that the claim will become moot because of further developments in the action nor is there any reason to believe that the reviewing appellate court will have to consider the same issue again. Moreover, the damages to be awarded to Plaintiff are unrelated to the damages sought against GRP Loan, GRP Financial, and Prime Lending and will not be set-off by any subsequent damages awarded. Thus, the failure to enter judgment at this time will do nothing more than force Plaintiff to wait needlessly before he can effectuate judgment against Hapney and Clipper City. Accordingly, the Court finds no just reason to delay entry of judgment and will enter partial judgment pursuant to Rule 54(b) as to Hapney and Clipper City.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Default Judgment is GRANTED in PART as to defendants Shane D. Hapney and Clipper City Settlement Services, Inc. and HELD in ABEYANCE as to defendants GRP Loan, LLC and GRP Financial Services Corporation.

Defendants Shane D. Hapney and Clipper City Settlement Services, Inc. are hereby ORDERED to pay Plaintiff $1,711.50 in damages and attorney's fees and costs in the amount of $3,836.71. Plaintiff is advised to renew his motion for summary judgment as to GRP Loan and GRP Financial once his claim against Prime Lending is resolved.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

Entered this 12th day of June, 2008.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

10

Case 3:07-cv-00065-NKM-BWC   Document 30   Filed 06/12/08   Page 10 of 10   Pageid#: 295